HawkiNS, J".,
delivered the opinion of the Court.
This is a writ of error prosecuted in this Court to reverse a judgment rendered in the Circuit Court of Henry County, against the plaintiffs in error, for $6,305.18. The action was assumpsit, founded on a bill of exchange, drawn by Thompson, Broswell & Co., of Paris, Tennessee, for $4,500-, on Grover, Watts & Co., of New Orleans, and indorsed by J. Broswell, J. J. Mattherson, P. G. Haynes and J. J. Cook. The suit was originally instituted against Thompson, Bros-well and Bradley, who, as it appears, constituted the firm of Thompson, Broswell & Co., and who were the drawers of the bill; but in the progress of the cause a nolle proseqm was entered as to Thompson and Bradley, and the cause proceeded to judgment against Broswell, as the drawer alone, and his indorsers. Acceptance was waived on the face of the bill, and it-went to protest for non-payment. . The declaration is in the ordinary form, and the plea non-assumpsit.
The principal error assigned,- is the admission of the protest and certificate of the Notary, as evidence in the Court below.
' 1st, The protest shows on its face, that it is “a true copy of the original on file” in the Notary’s office in New Orleans; and the objection taken to its admission as evidence, is predicated ' upon the fact *48 that it is a copy. The original, it is asserted, must be produced, or its non-production accounted for, before a copy can be received as evidence.
“A protest,” says Judge Story, in his Commentaries on Bills of Exchange, sec. 276, “is, properly speaking, a solemn declaration on behalf of the holder, against any loss to be sustained by the nonacceptance, or by the non-payment, of the bill, as the case may be. It is highly important, even if it be not essential, in all cases, that a copy of the bill should be affixed to all protests, with the indorse-ments thereon, verbatim, whenever practicable, and that the reasons given by the drawer for non-acceptance, or non-payment, should also be stated in the protest. The protest is required to be made out and drawn up by a Notary Public, if there be one in or near the place where the bill is made payable, or the acceptance made.” He further says, sec. 277: “The reason why the instrument is required to be made by a Notary Public, is, that this officer is one of great public distinction and consequence in civil law countries, before whom, and in whose books, instruments of the most solemn nature, are executed; and certified copies of those instruments are generally deemed of such high authority as to be ordinarily admissible as evidence in courts of justice in those countries. Hence we may readily perceive why protests of bills of exchange should have been, from the earliest period, made by notaries, and why their certified protests, under their hands and seals of office, are universally admitted in all countries, even in *49 those governed by tbe common law, as veritable documents, which prove themselves, and are, therefore, admitted in all courts of justice as prima facie evidence of the facts therein contained.”
It is a well-settled principle of commercial law, that a bill drawn in one State, on a person in another, must be regarded as a foreign bill; and the protest of all bills or notes, must be made according to the law of the place where they are made payable: Carter vs. The Union Bank, 7 Hum., 548.
By the Statutes of Louisiana, the State in which the bill in controversy was made payable, it is expressly enacted, that all Notaries shall record in a booh, kept for that purpose, ail protests of bills, and the notices given to the drawers or indorsers, a certified copy of which record is made evidence of all the notices therein contained.
In this case, the protest and certificate, are, in all respects, regular, and in strict conformity to the laws of Louisiana; and they are exhibited with, and made a part of, the declaration; and, in addition thereto, duly proven by the depositions of the Notary, and the attesting witnesses. True, exception is taken to one of the depositions, relied on to prove the protest and notices, as well, also, as to the protest itself, on the ground that it is a copy.
In regard to the latter exception it is sufficiently answered by the language of the Court, in the case of McAfee vs. Doremus et al., 5 Howard, 53, in which the facts are almost identical with the case now under consideration. • The Court says — Judge McLean deliv *50 ering the opinion — “In regard to the latter objection,” (which was the copy of a protest, made under the Statutes of Louisiana,) “it appears from the Statutes above cited, that the Notary records the protest, and the manner in which notice was given; and this record is, in fact, the original. It is presumed that nothing more than a short memorandum of the demand and notice is taken, from which the record is made in due form; so that there is, strictly, no original, except that which is of record; and a copy of this is made evidence by the Statute. Now, this sufficiently accounts for the non-production of the original; and a sworn or certified copy is the only evidence of the protest which can be produced.”
In that case, the copy was admitted, which we regard as conclusive of this case. The case under review is, in fact, stronger than the case of McAfee vs. Doremus et al. Here, the first formal copy of the protest, made from the original record in the notarial book, and simultaneously with it, duly certified under the seal of the Notary, in addition to the proven copies— exhibited with the depositions — is filed with, and made part of, the declaration; and then the certified copy, as proven by the' witnesses, was admitted as evidence. From this authority, it necessarily follows, that the protest and certificate were properly admitted as evidence, on the trial of this cause in the Circuit Court.
2. The objection taken to the action of the Circuit Judge, in overruling the motion of the plaintiffs in error, to supply the loss of a portion of the depo *51 sitions taken by tbe defendants in error, without first showing, specifically, the materiality of the lost depositions to their defense, constitutes no sufficient ground for a new trial. Nothing improper is imputed to the parties, by whom the lost depositions were taken; and the cause was continued one term, on account of the loss of these depositions, and the most ample time given in which to re-take them, if they were at all material to the defense. No surprise or injury could have resulted to the plaintiffs in error;- and the defendants in error had a perfect right to risk the trial of their cause, without the presence of any or all of their depositions, or witnesses, if they chose to do so; and the opposite party cannot be heard to complain.
8. In the view we have taken of this case, we do not regard the exception taken to the deposition of Earnest Petitpain, on account of the service of the notice, under the order of the Clerk, upon J. J. Matthenson — one of the indorsers — material to the result. The Statute confers the authority, in all cases in which more than one person is plaintiff, or defendant, on the Court, or Clerk, to determine whether notice shall be given to each person; and, if not, to whom it shall be given: Code, sec. 3850. This is a discretionary power conferred on the Court, or the Clerk, as the case may be; and, as a rule of practice, this Court is not disposed to interfere with the exercise of the discretionary power of the inferior tribunals, where manifest injustice has not been done. In addition to this, the testimony of Petitpain is *52 merely cumulative, and, on that ground, also, presents, under the former adjudications of this Court, no sufficient ground for a reversal.
4. The charge of the Court to the jury, is also excepted to; and, it must he admitted, it is exceedingly brief and unsatisfactory, upon nearly all the questions arising on this record. But, so far as it assumes to state the law, there is not, nor can there be, any just ground of exception. - It is objected, however, that it does not declare the whole law of the case. That, so far as it appears in the record, is certainly correct; but the defendant's attorney below, failed to request the presiding Judge — as he had the right to do — to extend his charge; and, by the repeated rulings of this Court, he cannot now be heard to ask a new trial on that ground.
Affirm the iudgmeni.